UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARRIELL SPROAPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:23-cv-01341-SEP |
| | ) | |
| DOORWAYS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Marriell Sproaps's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2]. For the reasons set forth below, the application is granted. After initial review under 28 U.S.C. § 1915(e), Plaintiff's claims are dismissed.

### FACTS AND BACKGROUND

Plaintiff claims that Defendant Doorways—a non-profit organization in St. Louis that provides housing and other support services—violated criminal statutes, 18 U.S.C. §§ 1701-10, by illegally opening his mail. Doc. [6] at 2-3. Plaintiff alleges that in September of 2023, an unnamed Doorways' staff member opened his mail without his consent, taped the letter shut, and then lied about who opened or tampered with the letter. *Id*. at 5-6. Plaintiff "seeks relief from mail tampering," in the form of monetary damages. *Id*.

### LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (alteration in

original) (quoting *Iqbal*, 556 U.S. at 663); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Plaintiff's Amended Complaint alleges a private right of action against Defendant Doorways under 18 U.S.C. §§ 1701-10. *See* Doc. [6] at 2. The mail-related statutes found in Chapter 83 of Title 18 of the United States Code are criminal statutes that confer no private right of action on Plaintiff. Therefore, Plaintiff's claims are dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

"A criminal statute may provide an implied private right of action if Congress so intended in enacting the criminal statute." *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 407 (8th Cir. 1999) (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1988)). "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979)). Without Congressional intent, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id*. at 286-87.

The search for Congressional intent to create a private right of action in 18 U.S.C. §§ 1701-10 begins and ends with the text. *See id.* at 288. The mail tampering and obstruction

2

provisions focus on the person committing the crime, not the recipient of the mail.  "Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Alexander*, 532 U.S. at 289 (quoting *California v. Sierra Club*, 451 U.S. 287, 294 (1981)).  Nothing in the text of the statutes shows any Congressional intent to create a private right of action.  And that conclusion is consistent with the decisions of other courts within the Eighth Circuit.  *See Bondarenko v. Polounin*, 2022 WL 485267, at *2 (E.D. Mo. Feb. 17, 2022) (collecting cases).

Although Plaintiff cannot state a federal civil claim arising out of the criminal mail statutes, he may be able to pursue common law remedies in state court.  But because Plaintiff does not state a claim for relief that the Court could grant, the Amended Complaint is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint, Doc. [6], is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal of this action would not be taken in good faith.

An Order of Dismissal will accompany this memorandum and order.

Dated this 29th day of February, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE